Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law, A Law Corporation

| | |
|---|---|
| PAUL ALSTON | 1126 |
| JOHN-ANDERSON L. MEYER | 8541 |
| TIMOTHY C. PARTELOW | 10218 |

1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:   palston@ahfi.com
            ameyer@ahfi.com
            tpartelow@ahfi.com

Attorneys for Defendants
SVO PACIFIC, INC., STARWOOD HOTELS
& RESORTS MANAGEMENT COMPANY,
INC., STARWOOD HOTELS & RESORTS
WORLDWIDE, INC., and STARWOOD
VACATION OWNERSHIP, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ELEANORE M. STANLEY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SVO PACIFIC, INC., a Florida corporation; STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC., a Delaware corporation; STARWOOD HOTELS & RESORTS WORLDWIDE, INC., a Maryland corporation; STARWOOD VACATION OWNERSHIP, INC., a Florida corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE | Civil No. 16-1-0144 JKW<br>(Other Non-Motor Vehicle Tort)<br><br>**DEFENDANTS SVO PACIFIC, INC., STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC., STARWOOD HOTELS & RESORTS WORLDWIDE, INC., and STARWOOD VACATION OWNERSHIP, INC.'S NOTICE OF REMOVAL**; EXHIBITS "A"-"C"; CERTIFICATE OF SERVICE<br><br>No Trial Date Set |

972354v8 8059-17

| |
|---|
| CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10.<br><br>Defendants. |

**DEFENDANTS SVO PACIFIC, INC., STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC., STARWOOD HOTELS & RESORTS WORLDWIDE, INC., AND STARWOOD VACATION OWNERSHIP, INC.'S <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants SVO Pacific, Inc., Starwood Hotels & Resorts Management Company, Inc., Starwood Hotels & Resorts Worldwide, Inc., and Starwood Vacation Ownership, Inc. (collectively, "Defendants"), by and through their attorneys Alston Hunt Floyd & Ing, hereby remove this action from Circuit Court of the Fifth Circuit of Hawai`i to the United States District Court for the District of Hawai`i.  In support of removal, Defendants state as follows:

## PROCEDURAL BACKGROUND

1.  On September 26, 2016, Plaintiff Eleanore M. Stanley ("Plaintiff") filed her Complaint in the Circuit Court of the Fifth Circuit, State of Hawai`i, Civil No. 16-1-0144 JKW ("Complaint").  A true and correct copy of the Complaint is attached to this Notice of Removal as Exhibit "A."  The Complaint alleges two

claims: negligence for failure to maintain premises and negligence for failure to warn.

    2.      SVO Pacific, Inc., now known as VSE Pacific, Inc. was served with a copy of the Complaint on October 3, 2016.  A true and correct copy of the Notice of Service of Process is attached to this Notice of Removal as part of Exhibit "B."

    3.      Starwood Hotels & Resorts Management Company, Inc., now known as Starwood Hotels & Resorts Management Company, LLC, was served with a copy of the Complaint on October 3, 2016.  A true and correct copy of the Service of Process Transmittal is attached to this Notice of Removal as part of Exhibit "B."

    4.      Starwood Hotels & Resorts Worldwide, Inc., now known as Starwood Hotels & Resorts Worldwide, LLC, was served with a copy of the Complaint on October 3, 2016.  A true and correct copy of the Service of Process Transmittal is attached to this Notice of Removal as part of Exhibit "B."

    5.      Starwood Vacation Ownership, Inc., now known as Vistana Vacation Ownership, LLC was served with a copy of the Complaint on October 3, 2016.  A true and correct copy of the Notice of Service of Process is attached to this Notice of Removal as part of Exhibit "B."

    6.      The Notice of Removal is timely in that it is filed within 30 days of service of the Complaint by which Defendants received its first notice of the facts indicating that the case was removable within the meaning of 28 U.S.C. §1446(b).

7. Removal is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction over this action.

8. The Court's jurisdiction arises under 28 U.S.C. § 1332 because Defendants are citizens of different states and not citizens of the state in which the action has been filed, and the amount in controversy exceeds the sum or value of $75,000.

## GROUNDS FOR REMOVAL

9. As alleged in the Complaint, Plaintiff is a resident of the County of Kauai, State of Hawai`i.

10. Defendant SVO Pacific, Inc. ("Defendant SVO"), now known as VSE Pacific, Inc. is a Florida corporation with its principal place of business in Florida.

11. Defendant Starwood Vacation Ownership, Inc. ("Defendant Starwood Vacation"), now known as Vistana Vacation Ownership, Inc. is a Florida corporation with its principal place of business in Florida.

12. Defendant Starwood Hotels & Resorts Management Company, Inc. ("Defendant Starwood Management"), now known as Starwood Hotels & Resorts Management Company, LLC is a Delaware limited liability company with its principal place of business in Connecticut.  The sole member of Starwood Hotels & Resorts Management Company, LLC is Starwood Hotels & Resorts Worldwide,

LLC.  Starwood Hotels & Resorts Worldwide, LLC is a Maryland limited liability company with its principal place of business in Maryland.

13. Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Defendant Starwood Worldwide"), now known as Starwood Hotels & Resorts Worldwide, LLC is a Maryland limited liability company with its principal place of business in Maryland.  The sole member of Starwood Hotels & Resorts Worldwide, LLC is Mars Merger Sub, LLC.

14. Mars Merger Sub, LLC is a Delaware limited liability company with its principal place of business in Maryland.  The sole member of Mars Merger Sub, LLC is Marriott International, Inc., which is a Delaware corporation with its principal place of business in Maryland.

15. Taking full account of the rules for determining the citizenship of non-corporate entities, it is indisputable that none of the Defendants is a Hawai`i citizen.  None of the Defendants has its principal place of business in Hawai`i.  And, no member of any non-corporate defendant, or any member of any constituent thereof, has its principle place of business in Hawai`i.

16. The Complaint filed in the Circuit Court of the Fifth Circuit of Hawai`i does not specify the damages sought.  Where the amount in controversy is unclear or ambiguous, the defendant seeking to remove the case to federal court bears the burden of establishing that the amount in controversy exceeds the

jurisdictional limit of $75,000.00.  *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013).

17. On September 26, 2016, Plaintiffs filed a request to exempt this case from the Court Annexed Arbitration Program provided for under Hawai`i Revised Statutes ("HRS") § 601-20 ("Request"), indicating that Plaintiffs evaluate their claims as having a probable jury award value, not reduced by the issue of liability, exclusive of interest and costs, in excess of $150,000.00.  *See* HRS § 601-20(a). A true and correct copy of Plaintiff's Request is attached to this Notice of Removal as Exhibit "C."

18. Defendants have satisfied the requirement of demonstrating both complete diversity and a sufficient amount in controversy.  Therefore, removal is proper.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

19. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and other orders served upon Defendants are attached hereto as Exhibits "A" and "B."

20. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed.

21. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy of this

Notice of Removal with the Clerk of the Circuit Court of the Fifth Circuit of Hawai`i.

WHEREFORE, Defendants submit this matter to this Court's jurisdiction and requests that the action proceed in the United States District Court for the District of Hawai`i as an action properly removed thereto.

DATED: Honolulu, Hawai`i, October 21, 2016.

      /s/ John-Anderson L. Meyer
PAUL ALSTON
JOHN-ANDERSON L. MEYER
TIMOTHY C. PARTELOW

Attorneys for Defendants
SVO PACIFIC, INC., STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC., STARWOOD HOTELS & RESORTS WORLDWIDE, INC., and STARWOOD VACATION OWNERSHIP, INC.