FILED

LAW OFFICES OF IAN L. MATTOCH

IAN L. MATTOCH       898-0
Pacific Guardian Center
737 Bishop Street, Suite 1835
Honolulu, Hawai'i 96813
Telephone: 808-523-2451
Facsimile: 808-531-2652

2016 SEP 26 AM 8: 44

5TH CIRCUIT COURT
STATE OF HAWAII
DOREENA OLIVAS BRUN
CLERK

Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| ELEANORE M. STANLEY,<br><br>          Plaintiff,<br><br>vs.<br><br>SVO PACIFIC, INC., a Florida corporation; STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC., a Delaware corporation; STARWOOD HOTELS & RESORTS WORLDWIDE, INC., a Maryland corporation; STARWOOD VACATION OWNERSHIP, INC., a Florida corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>          Defendants. | CIVIL NO. 16-1-0144<br>(Other Non-Motor Vehicle Tort)<br><br>JKW<br>COMPLAINT; SUMMONS |

COMPLAINT

Comes now Plaintiff ELEANORE M. STANLEY ("Plaintiff"), by and through her attorneys, the Law Offices of Ian L. Mattoch, and for her claims for relief against the above-named defendants, alleges and avers as follows:

I do hereby certify that this is a full, true and correct copy of the original on file in this office.

_____
Clerk, Circuit Court, Fifth Circuit

**Exhibit A**



## COUNT I

1. At all times relevant herein, Plaintiff ELEANORE M. STANLEY was a resident of the County of Kauai, State of Hawai`i.

2. At all times relevant herein, Defendant SVO PACIFIC, INC. ("Defendant SVO") was a Florida corporation that conducted business in the State of Hawai`i, and that owned and developed timeshare resorts in the State of Hawai`i.

3. At all times relevant herein, Defendant STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC. ("Defendant STARWOOD MANAGEMENT") was a Delaware corporation that conducted business in the State of Hawai`i, including the business of hotel / timeshare management.

4. At all times relevant herein, STARWOOD HOTELS & RESORTS WORLDWIDE, INC. ("Defendant STARWOOD WORLDWIDE") was a Maryland corporation that conducted business in the State of Hawai`i, including the business of hotel / timeshare management.

5. At all times relevant herein, Defendant STARWOOD VACATION OWNERSHIP, INC. ("Defendant STARWOOD VACATION") was a Florida corporation that conducted business in the State of Hawai`i, including the business of hotel / timeshare management.

6. At all times relevant herein, Defendant SVO, Defendant STARWOOD MANAGEMENT, Defendant STARWOOD WORLDWIDE, and Defendant STARWOOD VACATION (collectively "Named Defendants") owned and/or leased and/or operated and/or managed and/or controlled the timeshare and hotel resort property known as the Westin Princeville Ocean Resort Villas, which is located at 3838 Wyllie Road, Princeville, Hawai`i, in

the County of Kauai, State of Hawai`i, where the subject incident described herein is alleged to have occurred ("subject premises").

7. Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE NON-PROFIT ENTITIES 1-10, and DOE GOVERNMENTAL ENTITIES 1-10 (collectively referred to as "Doe Defendants") are persons, corporations, partnerships, business entities and/or governmental entities who acted in a negligent, wrongful or tortious manner which proximately caused or contributed to the injuries and damages sustained by Plaintiff. Plaintiff has been unable to ascertain the names and identities of the above-named Doe Defendants from the investigation that has been conducted to date. Accordingly, Plaintiff has sued the unidentified Doe Defendants herein with fictitious names pursuant to Rule 17(d) of the Hawai`i Rules of Civil Procedure, and Plaintiff will substitute the true names, identities, capacities, acts and/or admissions of Doe Defendants when the same are ascertained.

8. Doe Defendants include all entities that, on or about July 21, 2015, and at all other times relevant herein, owned, operated, controlled, managed and were otherwise responsible for the subject premises, including the public restroom area where the subject incident is alleged to have occurred.

9. On or about July 21, 2015, Plaintiff paid to attend aquacise classes at the resort hotel located on the premises.

10. On or about July 21, 2015, Plaintiff had finished with an aquacise class and proceeded to walk to the public restroom to change out of her wet bathing suit. The public restroom was the designated restroom to use for non-hotel patrons. After changing her clothes, Plaintiff exited the restroom. Due to heavy rains water had accumulated at the entrance. A hotel

3

worker was in the area. Plaintiff walked out and slipped and fell on wet tile by the entrance of the public restroom on the subject premises and suffered serious injuries ("subject incident").

11. Plaintiff ELEANORE M. STANLEY slipped and fell on the wet tile at the entrance of the public restroom on the subject premises due to the fact that there were no mats placed on the surface to reduce the slipperiness of the wet tile.

12. On or about July 21, 2015, and at all other times relevant herein, Named Defendants acted in a careless and negligent manner in that Named Defendants created and maintained, and otherwise knew or should have known of, unreasonably dangerous conditions on the subject premises that proximately caused the subject incident, and because Named Defendants failed to properly construct, design, maintain, illuminate, inspect, secure, preserve, repair, abate, warn of, or in some other manner keep the subject premises in a safe condition.

13. On or about July 21, 2015, and at all other times relevant herein, Named Defendants acted in a careless and negligent manner in that Named Defendants failed to properly construct, design, warn of, repair and/or maintain the subject premises in accordance with all applicable safety codes, standards, laws and regulations.

14. Named Defendants are vicariously liable for the negligence of their employees and/or agents acting within the course and scope of their employment under the doctrine of *respondeat superior*.

15. As a direct and proximate result of the negligence of Named Defendants, Plaintiff ELEANORE M. STANLEY sustained severe and permanent injuries, suffered serious mental and emotional distress, and incurred and will continue to incur medical and rehabilitative expenses, among other categories of general and special damages as will be shown at the time of trial.

## COUNT II
(Negligence - Failure to Maintain)

16. Plaintiff realleges and incorporates by reference all of the allegations contained in the Complaint as though fully set forth and repeated here.

17. Named Defendants negligently failed to maintain the subject premises prior to and on the date of the subject incident, despite actual or constructive knowledge and/or notice of the dangerous conditions existing in and around the subject premises.

18. As a direct and proximate result of the aforesaid negligence, Plaintiff ELEANORE M. STANLEY sustained injuries and damages as alleged herein.

## COUNT III
(Negligence - Failure to Warn)

19. Plaintiff realleges and incorporates by reference all of the allegations contained in the Complaint as though fully set forth and repeated here.

20. On or about July 21, 2015, and at all other times relevant herein, Named Defendants negligently failed to provide any warning, or any adequate warning, of the hazardous conditions in and around the subject premises, despite actual or constructive knowledge and/or notice of said conditions, thereby allowing an unreasonably dangerous condition to exist in and around the subject premises.

21. As a direct and proximate result of said negligence, Plaintiff ELEANORE M. STANLEY sustained injuries and damages as alleged herein.

WHEREFORE, Plaintiff demands judgment against Named Defendants and any defendants added later, jointly and severally, for general and special damages in amounts that

will be proven at trial, and for her costs, interest from the date of the incident, reasonable attorneys' fees, and such other relief as the Court deems just and proper.

DATED: Honolulu, Hawai`i  **SEP 2 1 2016**                  .


_____
IAN L. MATTOCH
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| ELEANORE M. STANLEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SVO PACIFIC, INC., a Florida corporation; STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC., a Delaware corporation; STARWOOD HOTELS & RESORTS WORLDWIDE, INC., a Maryland corporation; STARWOOD VACATION OWNERSHIP, INC., a Florida corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>　　　　　Defendants. | CIVIL NO._____<br>(Other Non-Motor Vehicle Tort)<br><br>SUMMONS |

SUMMONS

STATE OF HAWAI'I

To the above-named Defendants:

　　　　You are hereby summoned and required to file with the Court and serve upon THE LAW OFFICES OF IAN L. MATTOCH, Plaintiff's attorneys, whose address is Pacific Guardian Center, 737 Bishop Street, Suite 1835, Honolulu, Hawai'i, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Lihue, Hawai`i, __SEP 2 6 2016__.

(SEAL) **DOREENA OLIVAS BRUN**
Clerk of the above-entitled court



In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office at PHONE NO. 482-2314, FAX 482-2553, or TTY 482-2533, at least ten (10) working days prior to your hearing or appointment date.

2